# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD AURAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 6518 |
| v. ) | |
| ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Richard Aurand's ("Plaintiff") claims for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment, [Doc. No. 12] is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 20] is denied.

# BACKGROUND

## I. PROCEDURAL HISTORY

Plaintiff filed his applications for DIB and SSI in November 2011, alleging disability since February 2011 due to failed cognitive defects, bipolar disorder, and scar tissue from burns on his hands, neck, back, chest, and ears. (R. 177–85, 208.) His application was denied initially and again upon reconsideration. (R. 121–24.) After a hearing before an Administrative Law Judge ("ALJ") on November 9, 2012 the ALJ issued an unfavorable decision finding Plaintiff was not disabled. (R. 17–37.) The Appeals Council and the District Court upheld the ALJ's decision, (R. 1–6, 732–64.) On July 5, 2016, the Seventh Circuit overturned the ALJ's decision and remanded for further proceedings. (R. 721–31.) A second hearing was held before an ALJ on April 28, 2017. (R. 607–644.) Both a medical expert and vocational expert were present and offered testimony. (*Id.*) On June 8, 2017, the ALJ issued an unfavorable decision finding Plaintiff was not disabled. (R. 574–606.) Plaintiff did not file written exceptions to the Appeals Council and the Appeals Council did not review the ALJ's decision on its own, therefore the ALJ's decision became final on the 61st date following June 13, 2017 (the date of the ALJ's notice of decision), and reviewable by the District Court under 42 U.S.C. § 405(g); (R. 574–75.)

## II. ALJ DECISION

On June 8, 2017, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled. (R. 574–606.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from February 16,

2011, his alleged onset date, through June 18, 2012 and from August 1, 2012 through the date of her decision. (R. 583.) At step two, the ALJ found that from February 16, 2011, his alleged onset date, through June 18, 2012 and since August 1, 2012, Plaintiff had the following severe impairments: the late-effects of surface flame burn injuries secondary to self-immolation, the late-effects of traumatic amputation of the non-dominant left hand index fingertip status-post surgical reattachment, a depressive disorder, and a history of an ethanol use disorder. (*Id.*) At step three, the ALJ determined that from February 16, 2011, his alleged onset date, through June 18, 2012 and since August 1, 2012, Plaintiff did not have an impairment or combination of impairments that met or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526. 416.920(d), 416.925 and 416.926); (R. 586–87.)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at a light exertional level, except he was further limited to no climbing of ladders, ropes, or scaffolds; no more than occasional stooping, bending, kneeling, crouching, and crawling; no more than frequent reaching above the shoulder with both arms, and no repetitive twisting motions of the neck. (R. 590.) Additionally, the ALJ limited Plaintiff to work comprised of simple, routine, repetitive tasks performed in a predictable and routine work setting and noted that he can understand, remember, and carry-out simple instructions of one to two steps. (*Id.*) At step four, the ALJ concluded that from

3

February 16, 2011, his alleged onset date, through June 18, 2012 and since August 1, 2012, Plaintiff was not capable of performing his past relevant work. (R. 597.) Next, the ALJ opined that prior to October 25, 2016, based on Plaintiff's age, education, work experience, and RFC, there existed jobs in significant numbers in the national economy that Plaintiff could perform including work as a housekeeper. (R. 597–98.) Beginning on October 25, 2016, (the day before Plaintiff's fifty-fifth birthday) the ALJ found that Plaintiff was disabled. (R. 177, 598–599.)

## DISCUSSION

### I. ALJ STANDARD

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386,

389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning

5

behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision, but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron*, 19 F.3d at 333.

### III. ANALYSIS

Plaintiff argues remand is appropriate because the ALJ: (1) improperly evaluated the medical opinion evidence; and (2) dismissed his subjective symptom allegations without explanation. For the reasons that follow, the Court finds that remand is appropriate.

At Plaintiff's administrative hearing, the ALJ asked Thomas Heiman, the vocational expert ("VE"), to consider whether a hypothetical individual with certain limitations akin to Plaintiff's would be able to perform jobs available in the national economy. During her questioning, the ALJ did not specifically articulate to the VE that the hypothetical individual would have marked limitations in concentration, persistence and pace despite the fact that Plaintiff's record demonstrated that Plaintiff he would have limitations in those functional areas. Instead, the ALJ limited the hypothetical individual "perform[ing] simple, routine, repetitive tasks" and "understand[ing] and carry[ing] out simple instructions of one or two steps." (R. 635.) Plaintiff claims this did not adequately account for his limitations in concentration, persistence, and pace.

The Seventh Circuit has not insisted, however, "on a per se requirement that this specific terminology ("concentration, persistence and pace") be used in the hypothetical in all cases." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010). But, it has stated that "[i]n most cases, [ ] employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace." *Id.* at 620. In *O'Connor-Spinner*, the ALJ's hypothetical to the VE did not include specific limitations for concentration, persistence, or pace, and instead only limited the plaintiff to "routine, repetitive tasks" with simple instructions. In remanding the case, the Seventh Circuit stated that an ALJ's hypothetical must "orient the VE to the totality of a claimant's limitations." *Id.* at

7

618–19. Importantly, the Seventh Circuit stated that in "most cases, the ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations." *Id.* at 620–21.

In place of an express reference to Plaintiff's limitations in concentration, persistence, and pace, the ALJ limited the hypothetical individual to "perform[ing] simple, routine, repetitive tasks" and "understand[ing] and carry[ing] out simple instructions of one or two steps." (R. 635.) This is the exact language that the *O'Connor-Spinner* court criticized for failing to direct a VE's attention to a claimant's limitations.

The Commissioner argues that the ALJ's RFC determination was more robust, and "limited [Plaintiff] to work comprised of simple, routine, repetitive tasks performed in a predictable and routine work setting" with the ability to "understand, remember, and carry-out simple instructions of one to two steps." *Def.'s Resp.* at 3 (citing R. 590, 635). This argument, however, does not address the ALJ's failure to include more specific limitations to the VE at the administrative hearing. Properly articulating a claimant's impairments is critical at this stage because the Commissioner must show plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Young*, 957 F.2d at 389. Here, with an incomplete hypothetical, the ALJ could not rely on the VE's testimony as substantial evidence supporting his ultimate disability determination.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 12] is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 20] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                                **ENTERED:**

**DATE:**    **September 19, 2018**               _____
                                                                  **HON. MARIA VALDEZ**
                                                                  **United States Magistrate Judge**